UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES CHITTENDEN,

    Plaintiff,

v.                                                                 Case No.: 8:19-cv-1504-T-60AAS

HILLSBOROUGH COUNTY,

    Defendant.
_____/

## ORDER

James Chittenden moves to compel Dr. Matthew Stewart, a former Hillsborough County employee, to appear at a deposition and to extend the discovery deadline for thirty days. (Doc. 24). Hillsborough County does not oppose Mr. Chittenden's requests, but did respond in an effort to provide more information. (*Id.* at ¶ 6; Doc. 27).

### I. INTRODUCTION

In state court, Mr. Chittenden sued Hillsborough County for alleged sex discrimination and retaliation. (Doc. 1, Ex. 2). Hillsborough County removed the case to this court. (Doc. 1). On July 29, 2019, the court issued its Case Management and Scheduling Order (CMSO), which included an August 10, 2020 discovery deadline and a September 18, 2020 dispositive motion deadline. (Doc. 10).

On March 23, 2020, the court entered an order for civil cases about CMSOs, given the COVID-19 pandemic. (Doc. 17). The order extended all dates in the CMSO

1

by sixty days.[1] (*Id.* at p. 2). The order also stated:

> This sixty-day extension is automatic and parties need not, and should not, file motions requesting or confirming this extension. Requests for additional extensions in addition to the automatic sixty-day extension herein are disfavored. The Court will not be issuing Amended Case Management and Scheduling Orders in each civil case specifying revised dates and deadlines; parties are responsible for calculating and calendaring all new dates and deadlines as indicated herein.

(*Id.*). Based on the March 23 order, the extended discovery deadline was October 9, 2020, and the extended dispositive motion deadline was November 17, 2020. Neither party moved to extend those deadlines further. On November 17, 2020, Hillsborough County timely moved for summary judgment. (Doc. 20).

Four days before Mr. Chittenden's deadline to respond to Hillsborough County's motion, Mr. Chittenden moves to compel the deposition of Dr. Stewart and to extend the discovery deadline for thirty days.[2] (Doc. 24). In his motion, Mr. Chittenden details his attempts to take Dr. Stewart's deposition since November 2019.[3] (Doc. 24, Ex. 1). Mr. Chittenden scheduled in-person depositions for Dr.

---

[1] The court also filed a notice rescheduling the pretrial conference from February 10, 2021 to April 14, 2021. (Doc. 18).

[2] Mr. Chittenden also moves for an extension to respond to Hillsborough County's motion for summary judgment. (Doc. 25). Mr. Chittenden argues the Dr. Stewart's deposition is necessary to respond to the motion. (*Id.* at pp. 1–2). Judge Barber granted Mr. Chittenden's request in part and gave him seven more days to respond to Hillsborough County's motion for summary judgment. (Doc. 26).

[3] Although Mr. Chittenden provides his notices of scheduled depositions, Mr. Chittenden does not provide the subpoena. As a reminder, Rule 45 sets out the form and contents required for a subpoena and a fill in the blank form is available online. Fed. R. Civ. P. 45(a); *see also Subpoena to Testify at a Deposition in a Civil Action*,

Stewart on November 8, 2019; February 14, 2020; and March 19, 2020. (*Id.* at pp. 17–18, 20). Mr. Chittenden scheduled virtual depositions for Dr. Stewart on May 11, 2020; August 24, 2020; and September 18, 2020. (*Id.* at pp. 8, 10, 14). Mr. Chittenden last scheduled an in-person deposition for October 27, 2020. (*Id.* at pp. 1–2).

Hillsborough County responds not to oppose Mr. Chittenden's request but to provide additional facts. (Doc. 27). Hillsborough County stated Dr. Stewart was deposed on May 11, 2020, before he left Hillsborough County.[4] (*Id.* at p. 2). However, Mr. Chittenden wanted to complete Dr. Stewart's deposition a second day so Dr. Stewart could be presented with documents not available at the May 11 deposition. (*Id.*). Hillsborough County noted Dr. Stewart did appear for the August 24, 2020 virtual deposition but was driving his vehicle and could not review the documents. (*Id.*).

## II.   ANALYSIS

Mr. Chittenden requests a thirty-day extension of the discovery deadline—a deadline that ended fifty days before Mr. Chittenden filed his motion. Because the discovery deadline has passed, the court construes that Mr. Chittenden seeks to reopen discovery to take Dr. Stewart's deposition, and that the court should compel Dr. Stewart to appear at a properly noticed deposition.

---

United States Courts, https://www.uscourts.gov/forms/notice-lawsuit-summons-subpoena/subpoena-testify-deposition-civil-action (last updated Feb. 1, 2014).

[4] Dr. Stewart resigned his position with Hillsborough County in late May/early June 2020 for reasons unrelated to this lawsuit. (Doc. 27, p. 2).

The court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010); *see also Sosa v. Airport Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). When a motion to extend discovery is filed after the expiration of the deadline, the moving party also must demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an equitable determination that requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced." *Foudy v. Saint Lucie Cty. Sheriff's Office*, 677 F. App'x 657, 660 (11th Cir. 2017).

Mr. Chittenden fails to show good cause or excusable neglect for not seeking an extension of time to address Dr. Stewart's deposition during the discovery period. Mr. Chittenden did not file this motion, which seeks more discovery, until November 28, 2020—over seven weeks after the discovery deadline. (*See* Doc. 24). Instead, Mr. Chittenden argues he tried to schedule Dr. Stewart's deposition without court intervention. (*Id.* at ¶ 7).

In May 2020, Mr. Chittenden deposed Dr. Stewart but adjourned the deposition with a plan to have a second day of the deposition to allow Dr. Stewart to testify about documents. (Doc. 27, p. 2). In August 2020, Dr. Stewart appeared for the

second deposition but was driving and could not review the documents. (*Id.*). Mr. Chittenden could have sought court relief at this point. Mr. Chittenden also could have sought relief from the court immediately after Dr. Stewart failed to show up for the October 27, 2020 deposition. Mr. Chittenden cannot now demonstrate good cause or excusable neglect to support bringing this motion so long after these deposition issues began.

Even though Hillsborough County does not object to Mr. Chittenden's requests to reopen discovery and compel the deposition of Dr. Stewart, Hillsborough County timely moved for summary judgment. (Doc. 20). The effect of permitting Mr. Chittenden more time and another opportunity to attempt to secure additional testimony from Dr. Stewart (which may or may not prove fruitful) is further delay and likely more briefing to address Dr. Stewart's additional testimony. This additional time would cause delay in moving this case towards its conclusion.

### III. CONCLUSION

Mr. Chittenden failed to show good cause or excusable neglect on why he did not come to the court sooner for an extension of the discovery deadline and to get a court order compelling Dr. Stewart to appear for a second deposition. Thus, Mr. Chittenden's motion to compel Dr. Stewart for a deposition and to reopen discovery (Doc. 24) is **DENIED.**

**ORDERED** in Tampa, Florida on December 2, 2020.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge