UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES CHITTENDEN,

    Plaintiff,

v.                                            Case No. 8:19-cv-1504-TPB-AAS

HILLSBOROUGH COUNTY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Hillsborough County requests an award of its taxable costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 against James Chittenden. (Doc. 54).

**I.    BACKGROUND**

In Florida state court, Mr. Chittenden sued Hillsborough County alleging claims of sex discrimination and retaliation under the Florida Civil Rights Act and 42 U.S.C. § 1981. (Doc. 1, Ex. 1). Hillsborough County timely removed. (Doc. 1). Mr. Chittenden filed an amended complaint. (Doc. 6). Hillsborough County answered and asserted affirmative defenses. (Doc. 7)

Hillsborough County moved for summary judgment and Mr. Chittenden opposed the motion. (Docs. 20, 29, 31). District Judge Thomas P. Barber

1

referred Hillsborough County's motion to the undersigned for a report and recommendation. (Doc. 32). The undersigned recommended granting Hillsborough County's motion for summary judgment. (Doc. 34). Judge Barber adopted the undersigned's report and recommendation. (Doc. 49). The Clerk entered judgment in Hillsborough County's favor. (Doc. 51).

Hillsborough County now requests that the court award its prevailing party costs of $3,031.60 against Mr. Chittenden. (Docs. 54, 57).[1] In Hillsborough County's supplement to its motion, it stated in an updated Local Rule 3.01(g) Certification that Mr. Chittenden did not oppose Hillsborough County's request. (*See* Doc. 57, p. 5). Mr. Chittenden did not respond, and the time to do so has passed.

## II. ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the

---

[1] Originally, Hillsborough County filed a proposed bill of costs. (Doc. 52). Judge Barber construe the bill of costs as a motion and denied it without prejudice for Hillsborough County to move in accordance with Local Rules. (Doc. 53). Hillsborough County filed a motion, but only sought an order on whether it was entitled to costs. (Doc. 54). A July 19, 2021 order required Hillsborough County to supplement its motion to explain why it was entitled to each specific category of requested costs and how much it is requesting for each category. (Doc. 55).

court." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citation omitted). In awarding costs, courts are limited to those listed in 28 U.S.C. Section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). It is within the court's discretion to deny a full award of costs if the court has, and states, a sound reason. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

The categories of taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. Section 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. Section 1828. 28 U.S.C. § 1920.

Having obtained judgment in its favor, Hillsborough County is the prevailing party and entitled to taxable costs. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). Hillsborough County requests an award of $3,031.60 in taxable costs, which represents: (1) fees of the clerk ($400.00) and (2) deposition fees ($2,631.60). (Doc. 57).

### A. Fees of the Clerk

Hillsborough County requests $400.00 to reimburse its filing fee it paid to the Clerk. (Docs. 54, 56, 57). Clerk fees are taxable. 28 U.S.C. § 1920(1). "Section 1920 allows for taxation of removal fees." *Lowe v. STME, LLC*, No. 8:18-cv-2667-T-33SPF, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019). A party instituting a civil action, including by removal, in the Middle District of Florida must pay a filing fee of $350 and a $50 administrative fee. 28 U.S.C. § 1914. Hillsborough County should recover its $400.00 for the filing fee.[2]

### B. Deposition Fees

Hillsborough County requests that the court award $2,631.60 in costs associated with these deponents: (1) Dr. Matt Stewart ($196.00 for an expedited deposition transcript); (2) Corey McCaster ($144.15 for the deposition transcript); (3) Lindsay Kimball ($334.80 for the deposition transcripts);[3] (4) Rick Jansen ($88.35 for the deposition transcript); (5) Dottie Minnick ($158.10 for the deposition transcript); (6) Danielle Moreda ($134.85

---

[2] On January 1, 2021, the filing fee for a civil action increased to $402. *See Fees*, https://www.flmd.uscourts.gov/fees-for-filing-a-case (last visited July 23, 2021). Because Hillsborough County filed before this increase, Hillsborough County can only recover what it paid to file its case.

[3] Because of scheduling issues, Lindsay Kimball was deposed at two different times. (See Doc. 22, Ex. 2 (end of Ms. Kimball's first deposition noted rescheduling a time for her to come back to complete her deposition)). The cost of the two deposition transcripts is: $130.20 + $204.60 = $334.80.

for the deposition transcript); (7) Janette Blanco ($181.35 for the deposition transcript); (8) James Chittenden ($761.60 for the deposition transcript, court reporter, and postage);[4] (9) Lynn Kroesen ($241.80 for the deposition transcript); and (10) Carol Minor ($390.60 for the deposition transcript). (Doc. 56).

### 1. Deposition Transcripts

Under Section 1920(2), courts may tax costs for transcripts necessarily obtained for use in the case. To be compensable, deposition transcripts need not be used at trial. *U.S. E.E.O.C.*, 213 F.3d at 621. But the prevailing party must have taken the deposition about an issue the parties contested when the deposition occurred. *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV-HUCK, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010). "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable.'" *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992)).

Hillsborough County argues the deposition transcripts of Mr. Chittenden, Ms. Minor, Ms. Blanco, Ms. Minnick, and Ms. Kimball were

---

[4] The specific costs associated with Mr. Chittenden's deposition are: $556.60 for the deposition transcript + $195.00 for the court reporter's fees + $10.00 for postage = $761.60. (*See* Doc. 56).

necessarily obtained for use in this action because Hillsborough County used the depositions to support its motion for summary judgment. (Doc. 57, p. 4). "[D]epositions relied upon for summary judgment motions are taxable." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (citation omitted). Hillsborough County attached the deposition transcripts of Mr. Chittenden, Ms. Minor, Ms. Blanco, Ms. Minnick, and Ms. Kimball to its motion for summary judgment. (*See* Doc. 22). Because Hillsborough County used these depositions in its argument supporting summary judgment, these deposition transcripts are taxable. (*See* Docs. 21, 34, 57).

The remaining depositions that Hillsborough County did not use in its motion are Dr. Stewart, Mr. McCaster, Mr. Jansen, Ms. Moreda, and Ms. Kroesen. "District courts have great latitude in determining whether a deposition was 'necessarily obtained' for use in the case." *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1289 (M.D. Fla. Aug. 2, 2005) (citing *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1981)). Indeed, a deposition is considered necessary if it was "related to an issue which was present in the case at the time the deposition was taken." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000) (internal quotation marks omitted). "[E]ven where a deposition is not ultimately used as part of a prevailing party's case, . . . the costs of the

deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake Cty.*, 492 F. App'x 991, 996–97 (11th Cir. 2012). Although Hillsborough County did not directly use the depositions in its motion for summary judgment, Hillsborough County explained it reviewed those depositions in drafting its motion. *See, e.g.*, *Geisler v. FedEx Ground Package Sys., Inc.*, No. 3:12-cv-1189-J-34PDB, 2017 WL 4404442, at *4 (M.D. Fla. Aug. 28, 2017) (explaining depositions not used in summary judgment are still taxable if reasonably necessary for the party to obtain them). Bolstering Hillsborough County's request for its costs associated with these depositions is that Mr. Chittenden was the one who noticed all the depositions, excluding his deposition. (*See* Doc. 57, p. 4). Because Mr. Chittenden did not respond, there is no evidence to show the depositions were not related to an issue in the case. Thus, these deposition transcripts are taxable.

The invoice for Dr. Stewart's deposition shows Hillsborough County ordered the transcript on an expedited basis. In the Eleventh Circuit, costs associated with expedited transcripts are not automatically taxed. *See Maris Dist. Co. v. Anheuser–Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002). "However, a prevailing party may recover expedited charges by showing that either necessity or extraordinary circumstances justified that expense." *Velez*

7

*v. Sprint/United Mgmt. Co.*, No. 6:19-cv-987-GAP-LRH, 2021 WL 1553934, at *3 (M.D. Fla. Mar. 30, 2021), *report and recommendation adopted*, 2021 WL 1546133 (M.D. Fla. Apr. 20, 2021). In the motion to tax costs, Hillsborough County makes no argument as to why the expedited transcript was necessary. The non-expedited rate for deposition transcripts by Reporters on Madison were billed at $4.65 per page. (*See* Doc. 56, pp. 3–5, 7–8). Thus, the charges as it relates to Dr. Stewart's deposition should be reduced to the regular rate of $4.65 per page. Thus, using the regular rate, the costs for Dr. Stewart's deposition transcript is $130.20.

Hillsborough County should be awarded its costs for the deposition transcripts of (1) Dr. Matt Stewart ($130.20); (2) Corey McCaster ($144.15); (3) Lindsay Kimball ($334.80); (4) Rick Jansen ($88.35); (5) Dottie Minnick ($158.10); (6) Danielle Moreda ($134.85); (7) Janette Blanco ($181.35); (8) James Chittenden ($556.60); (9) Lynn Kroesen ($241.80); and (10) Carol Minor ($390.60)—totaling $2,360.80. (*See* Doc. 56).

### 2. Court Reporter Fees

Section 1920 does not specifically allow for certain deposition costs such as court reporter appearance fees. However, courts in this district have permitted recovery of court reporter fees. *See Miller v. Allstate Prop. & Cas. Ins. Co.*, No. 8:17-cv-3056-T-02CPT, 2020 WL 4750888, at *1 (M.D. Fla. Aug.

17, 2020); *Brazill v. Miners*, No. 14-cv-3131-T-27TGW, 2018 WL 1609960, at *2 (M.D. Fla. Apr. 3, 2018) (citations omitted); *Chico's FAS, Inc. v. Clair*, No. 2:13-cv-792-FtM-38MRM, 2018 WL 1833134, at *9 (M.D. Fla. Jan. 25, 2018) (noting "it makes little sense" to exclude appearance fees when court reporters are necessary to conduct depositions).

Hillsborough County should be awarded its court reporter's appearance fee for Mr. Chittenden's deposition—totaling $195.00. (*See* Doc. 56, p. 6).

### 3. Postage

The Eleventh Circuit explained that "generally copying and postage" are "clearly nonrecoverable" under 28 U.S.C. 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). Thus, Hillsborough County should not be awarded the $10.00 in postage fees it incurred from Mr. Chittenden's deposition. (*See* Doc. 56, p. 6).

\* \* \*

Removing the nonrecoverable costs, Hillsborough County is entitled to recover $2,555.80 in deposition fees. The breakdown is: (1) Dr. Matt Stewart ($130.20); (2) Corey McCaster ($144.15); (3) Lindsay Kimball ($334.80); (4) Rick Jansen ($88.35); (5) Dottie Minnick ($158.10); (6) Danielle Moreda ($134.85); (7) Janette Blanco ($181.35); (8) James Chittenden ($751.60); (9) Lynn Kroesen ($241.80); and (10) Carol Minor ($390.60).

## III. CONCLUSION

It is **RECOMMENDED** that Hillsborough County's motion to tax costs (Doc. 54) be **GRANTED in part** and **DENIED in part**. Hillsborough County should receive an award of **$2,955.80** in taxable costs against Mr. Chittenden.

**ENTERED** in Tampa, Florida on August 12, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:
James Chittenden
620 E. Twiggs Street
Ste. 202
Tampa, FL 33602